**ALD-241**                                           **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 10-2706

_____

IN RE: ANTHONY KIRKSEY,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Civil No. 1:09-cv-06422)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 9, 2010

Before: SLOVITER, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 20, 2010)

_____

OPINION

_____

PER CURIAM

Petitioner Anthony Kirksey, a federal prisoner proceeding pro se, seeks a writ of

mandamus to compel the United States District Court for the District of New Jersey to reach

an immediate decision on his petition for a writ of habeas corpus. For the reasons that

follow, we will deny the petition.

In December 2009, Kirksey filed a petition for a writ of habeas corpus, challenging

1

the Federal Bureau of Prisons' recommendation for his placement in a Residential Re-entry Center (RCC), a facility for reintegrating inmates into the community.[1] According to the District Court record, Kirksey was sentenced to a 137-month term of imprisonment, with eight years of supervision to follow. His projected release date is March 4, 2011. On June 25, 2009, Kirksey's Unit team completed a RCC review and recommended that Kirksey be given an RCC placement of 150 to 180 days.

In his habeas petition, Kirksey asserted that the Federal Bureau of Prisons abused its discretion in failing to consider him for a full 12-month RCC placement for two reasons: 1) the Bureau of Prisons made the RCC placement recommendation without granting him individual consideration as required by the Second Chance Act; and 2) the Bureau of Prisons made its RCC placement recommendation on the basis of a memorandum from the General Counsel that advised officials to limit placement to a six-month period, in contradiction to the Second Chance Act.

---

[1] The Second Chance Act of 2007 provides that "[t]he Director of the Bureau of the Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the re-entry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c)(1) (as amended by the Second Chance Act of 2007, Pub. L. No. 110-119, April 9, 2008). The amended statute also requires that the Bureau of Prisons will issue regulations designed to ensure that Residential Re-entry Center assignments are "(a) conducted in a manner consistent with section 3621(b) of this title; (b) determined on an individual basis; and (c) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6) (as amended by the Second Chance Act of 2007, Pub. L. No. 110-119, April 9, 2008).

On January 11, 2010, the District Court issued an order directing the Bureau of Prisons to file an answer to the petition within 45 days and directed Kirksey to file a reply to the answer within 30 days. On February 23, 2010, the Bureau of Prisons timely filed a response and Kirksey filed an answer in a timely manner. On May 4, 2010, Kirksey filed a motion requesting a final disposition on his habeas corpus petition because further delay in a ruling would prevent him from receiving additional time in an RCC. Since then, no action has been taken by the District Court. On June 10, 2010, Kirksey filed a petition for a writ of mandamus, asking us to order the District Court to act on his habeas corpus petition.

The remedy of mandamus is a drastic measure reserved for the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005); DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). In order to ensure that mandamus is sparingly granted, a petitioner seeking a writ of mandamus must demonstrate that: (1) no other adequate means are available to obtain the desired relief, (2) that his right to issuance of the writ is "clear and indisputable;" and (3) "the writ is appropriate under the circumstances." Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 380-81 (2004) (quotation marks and citations omitted).

Moreover, we have firmly held that the management of its docket is committed to the sound discretion of the District Court. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817-18 (3d Cir. 1982). When a matter is discretionary, it cannot be said that a litigant's right is "clear and indisputable." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35-36 (1980).

3

Nonetheless, we have held that a writ of mandamus may be warranted where undue delay is tantamount to a failure to exercise jurisdiction. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

No substantive action has been taken in this case between March 22, 2010, at which point the habeas corpus petition, answer, and reply had all been filed in the District Court, and June 10, 2010, when the petition for a writ of mandamus was filed in this Court. While two and one-half months may not seem significant, we understand the possibility of a change in the original recommendation for RCC placement is a time-sensitive matter. However, we do not believe this delay is so lengthy as to justify our intervention. We are also confident that the District Court is aware of the time-sensitive nature of Kirksey's petition and will rule on Kirksey's habeas corpus petition without undue delay. Accordingly, we will deny the petition for a writ of mandamus. This denial is without prejudice to Kirksey's filing a new petition for a writ of mandamus, should the District Court fail to act expeditiously on his habeas petition.